**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| ROBIE GASTON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:18-cv-02652 |
| FINANCE SYSTEM OF TOLEDO, INC., | |
| Defendant. | JURY DEMAND |

**COMPLAINT**

NOW comes ROBIE GASTON ("Plaintiff"), by and through his attorneys, Sulaiman Law

Group, Ltd. ("Sulaiman"), complaining as to the conduct of FINANCE SYSTEM OF TOLEDO,

INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act

("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction

is conferred upon this Court by 28 U.S.C. §§1331 and 1337 as the action arises under the laws of

the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business

in the Northern District of Ohio and a substantial portion the events or omissions giving rise to the

claims occurred within the Northern District of Ohio.

**PARTIES**

1

4.  Plaintiff is a 54 year-old natural person residing in Toledo, Ohio which falls within the Northern District of Ohio.

5.  Defendant promotes that it "is one of the largest and most experienced full-service collection agencies in Northwest Ohio."[1] Defendant is a corporation formed under the laws of the State of Ohio with James Nowak as its registered agent, located at 4808 North Summit, Toledo, Ohio 43611. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Ohio.

6.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7.   Upon information and belief, Plaintiff received medical services at The Toledo Clinic ("Toledo Clinic") on several occasions.

8.   Due to financial hardship, Plaintiff fell behind on his payments to Toledo Clinic, thus incurring debt ("subject consumer debts").

9.   Plaintiff incurred the subject consumer debts for personal services related to his healthcare.

10.  Between the spring of 2017 and the spring of 2018, Toledo Clinic charged-off the subject consumer debts and sold the collection rights to Defendant.

11.  The Toledo Clinic stopped sending statements to Plaintiff when it charged-off the subject consumer debts.

---

[1] http://fst1952.com/about/

12.   Upon information and belief, the balances of the subject consumer debts are $775.30 and $435.00.

13.   Defendant purchased the subject consumer debts while Plaintiff was in default.

14.   Defendant has sought collection of the subject consumer debts from Plaintiff through collection correspondences.

15.   Defendant's collection efforts included sending  correspondences dated January 15, 2018 and April 5, 2018.  In those correspondences Defendant failed to disclose itself as a debt collector as shown in the language which appeared as follows:

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. ALL RETURNED CHECKS ARE SUBJECT TO A $30.00 SERVICE CHARGE PLUS BANK FEES.

16.   In its January 15, 2018 correspondence, Defendant included language which appeared as follows:

| Client Name | Client Ref No | Principal | Interest | Other | Total |
|---|---|---|---|---|---|
| EPNO INC TOLEDO | 2803400 | .00 | .00 | .00 | .00 |
| DATE OF SERVICE | 12/25/12 | | | | |
| ALLSTAR DISPOSA | | .00 | .00 | .00 | .00 |
| DATE OF SERVICE | 11/11/14 | | | | |
| TOLEDO CLINIC I | 27962730001 | 734.16 | .00 | .00 | 734.16 |
| DATE OF SERVICE | 01/16/14 | | | | |
| TOLEDO CLINIC I | 28093870001 | .00 | .00 | .00 | .00 |
| DATE OF SERVICE | 01/14/15 | | | | |
| TOLEDO CLINIC I | 200095786 16019 | 41.14 | .00 | .00 | 41.14 |
| DATE OF SERVICE | 12/28/16 | | | | |
| | | | | | 775.30 |

17.   Plaintiff received both correspondences from Defendant and was misled as to his rights and obligations.

18.   In Defendant's correspondence, Defendant included line items for interest and other costs.

19.   Accordingly, Plaintiff was falsely led to believe that Defendant had the lawful ability to collect interest and other costs.

20.  Plaintiff spoke with Sulaiman regarding the correspondences resulting in pecuniary loss and expenditure of resources.

21.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, and aggravation.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22.  Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24.  Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector on its website, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1954.[2]

26. The subject consumer debts are "debt[s]" as defined by FDCPA §1692a(5) as they arise out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a.  Violations of the FDCPA § 1692e

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

---

[2] https://www.acainternational.org/default

"The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

"The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

29. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) through the inclusion of language mentioning interest and costs. The inclusion of this language misleadingly suggests to consumers the false possibility that Defendant could collect an amount that would be above and beyond that which was outlined as the total due on the collection correspondence. The subject consumer debts were charged-off by Toledo Clinic in the amount of $775.30. Upon charge-off, Toledo Clinic and its successors waived the right and ability to add interest and other charges, as evidenced by Defendant seeking to collect the same amount of $775.30 and the fact that Toledo Clinic stopped sending periodic billing statements for the subject consumer debts. It was a legal impossibility for Defendant to add interest and other charges to the subject consumer debts at the time the correspondence were sent. Defendant purposefully included this misleading language to instill a false sense of urgency in Plaintiff so that he would feel compelled to make payment.

30. Defendant violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from believing that he was afforded certain FDCPA protections against Defendant.

5

### b. Violations of FDCPA § 1692f

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law ." 15 U.S.C. §1692f(1).

33. Defendant violated §1692f and f(1) when it unfairly suggested that it could collect additional amounts above and beyond the total balance due as represented in the correspondence. Because Defendant was precluded from adding anything to the balances of the subject consumer debts as its right to do so was waived, the above referenced portions of correspondence violate the FDCPA.

34. Defendant further violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector and unlawfully designed shield itself from any potential retaliation.

35. As pled in paragraphs 19 through 21, Plaintiff has been harmed and suffered damages as a result of Defendant's unlawful actions.

WHEREFORE, Plaintiff ROBIE GASTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 15, 2018                          Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)              s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                  Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                             Counsel for Plaintiff
Admitted in the Northern District of Ohio         Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.                          Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200               2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                           Lombard, Illinois 60148
(630) 568-3056 (phone)                            (630) 581-5858 (phone)
(630) 575-8188 (fax)                              (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                          thatz@sulaimanlaw.com