IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBIE GASTON, <br><br> Plaintiff, <br><br> v. <br><br> FINANCE SYSTEM OF TOLEDO, INC., <br><br> Defendant. | Case No. 3:18-cv-02652-JJH |
| FINANCE SYSTEM OF TOLEDO, INC., <br><br> Counter-Plaintiff, <br><br> v. <br><br> ROBIE GASTON, <br><br> Counter-Defendant. | Honorable Judge Jeffrey J. Helmick |

## COUNTER-DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTER-PLAINTIFF FINANCE SYSTEM OF TOLEDO, INC.'S COUNTERCLAIM

NOW COMES Counter-Defendant, Robie Gaston ("Gaston"), by and through his attorneys, Sulaiman Law Group, Ltd, for his Answer to Counter-Plaintiff Finance System of Toledo, Inc.'s ("FST") Counterclaim. As an initial matter, Gaston reserves the right to supplement or amend his Answer based on future investigation or discovery. Gaston states as follows:

### COUNTERCLAIM

FST's Counterclaim asserts, "As set forth in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, Defendant is entitled to attorney fees and its cost of defending this matter."

**ANSWER:** FST's "Counterclaim" sets forth legal conclusions for which no response is required. To the extent a response is required, Gaston responds that FST has improperly sought, through a counterclaim, relief which is properly awarded only upon a post-judgment motion. FST

1

does not have a private right of action under 15 U.S.C. § 1692k such that its claims for attorneys' fees would be properly considered a counterclaim.

## AFFIRMATIVE DEFENSE
## FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

FST's Counterclaim, and the purported cause of action cited therein, fail to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). In situations where defendants file counterclaims including claims under 15 U.S.C. § 1692k(a)(3), courts routinely dismiss such counterclaims. These courts have held that awards for attorneys' fees under § 1692k do not constitute a separate cause of action under the Fair Debt Collection Practices Act ("FDCPA"), and thus may not appropriately be brought via counterclaim. *Hardin v. Folger,* 704 F. Supp. 355, 356-57 (W.D.N.Y. 1988); *Kropf v. TCA, Inc.,* 752 F. Supp. 2d 797, 800-01 (E.D. Mich. 2010); *Mirfendereski v. Rakestraw,* 2011 U.S. Dist. LEXIS 90535, at *3 (S.D. Ohio Aug. 15, 2011). Instead, any attempt for FST to obtain its attorney's fees in connection with this matter must be done by filing a post-judgment motion. *See e.g., Kirscher v. Messerli & Kramer, PA,* 2006 U.S. Dist. LEXIS 3346, at *7 (D. Minn. Jan. 14, 2006). Therefore, FST's Counterclaim fails to state a claim upon which relief can be granted.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Gaston hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully answered or otherwise responded to the allegations in FST's Counterclaim, Gaston prays that:

(1) FST's Counterclaim be dismissed in its entirety, with all costs and attorney's fees taxed against FST;

(2) Gaston be dismissed as a party to this counterclaim; and

(3) Gaston recover such other and additional relief as the Court deems just and appropriate.

Dated: February 13, 2018

Respectfully submitted,

s/ *Eric D. Coleman*
Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff/Counter-Defendant
Sulaiman Law Group, Ltd.
2500 South Highland Ave, Ste. 200
Lombard, IL 60148
(630) 575-8181 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Counter-Defendant, certifies that on February 13, 2019, he caused a copy of the foregoing, **COUNTER-DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTER-PLAINTIFF'S COUNTERCLAIM,** to be served electronically via CM/ECF system on: all counsel of record.

s/ *Eric D. Coleman*
Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff/Counter-Defendant