# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| Robie Gaston, | : | Case No: 3:18-cv-02652-JJH |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | Judge: James G. Carr |
| v. | : | |
| | : | |
| Finance System of Toledo, Inc., | : | Motion for Judgment on the Pleadings as to All Claims in the Complaint |
| Defendant. | : | |

Now comes Defendant Finance System of Toledo, Inc. ("FST") and moves the court for judgment on the pleadings as to all claims. This motion presents the Court with two issues:

- The Fair Debt Collection Practices Act requires debt collectors to disclose in an initial communication with a consumer that the debt collector is attempting to collect a debt, and any information obtained will be used for that purpose. 15 U.S.C. 1692e(11). In subsequent communications, the debt collector's burden is reduced to merely disclosing that the communication is from a debt collector. *Id.* Here, FST sent multiple letters to Plaintiff to collect a debt. Plaintiff complains that a subsequent letter from FST did not adequately disclose that it was from a debt collector. The letter at issue disclosed FST's name, address, the name of the Creditor, the account information, and stated that it was "an attempt to collect a debt" and "[a]ny information obtained will be used for that purpose". Did that letter disclose that it was from a debt collector? The answer is "yes."

- Does a debt collector violate the Fair Debt Collection Practices Act where it includes an itemization of charges showing ".00" in interest and other charges? The answer is "no."

Respectfully submitted,

/s/ Zachary P. Elliott
Boyd W. Gentry (0071057)
Zachary P. Elliott (0090057)
Law Office of Boyd W. Gentry, LLC
4031 Colonel Glenn Highway, First Floor
Beavercreek, OH 45431
Tel. (937) 839-2881

Fax (800) 839-5843
bgentry@boydgentrylaw.com
zelliott@boydgentrylaw.com
*Counsel for Finance System of Toledo, Inc.*

James S. Nowak (0012890)
4808 N. Summit St.
Toledo, Ohio 43611
Phone: (419) 726-2605
Fax: (419) 726-1549
*Attorney for Finance System of Toledo, Inc.*

**Memorandum**

I. **Factual Background**[1]

Plaintiff Robie Gaston incurred a medical debt owed to Toledo Clinic. *See* ECF Doc. #1, Page ID # 2-3. On January 15, 2018 and April 5, 2018, FST, a debt collector[2], sent letters to Plaintiff to collect that debt. *Id*. Those letters are the sole basis for this case.

The January 15, 2018 and April 5, 2018 letters included the following disclosure:

> THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. ALL RETURNED CHECKS ARE SUBJECT TO A $30.00 SERVICE CHARGE PLUS BANK FEES.

*See* ECF Doc. # 1-1.

Plaintiff alleges that the letters "violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector." *Complaint,* ECF Doc. # 1, Page ID # 5. Plaintiff also claims that FST violated 15 U.S.C. § 1692f by "concealing its status as a debt collector." *Complaint* at 6. Additionally, Plaintiff alleges that FST's January 15, 2018 letter "violated 15 U.S.C. §§ 1692e(2), e(5), and e(10) though the inclusion of language mentioning interest and costs." *See Complaint,* ¶ 29.

II. **Standard of Review**

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed-

---

[1] These facts are from the Complaint and are not admitted as true for any purpose beyond this motion, as required by Fed. R. Civ. P. 12(c).
[2] It bears noting that Plaintiff alleges that FST is

> a debt collector, as defined by 15 U.S.C. § 1692a(6), because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

*Complaint*, para 24. That definition of "debt collector" tracks 15 U.S.C. 1692a(6) and is key to this motion as it demonstrates the critical flaw in the Complaint; namely, that FST disclosed that it was a business regularly using the mail to attempt to collect consumer delinquent debt owed to another.

3

but early enough not to delay trial-a party may move for judgment on the pleadings." *See* Fed.R.Civ.P. 12(c). The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 511-12 (6th Cir.2001) (citing *Mixon v. Ohio,* 193 F.3d 389, 399-400 (6th Cir.1999)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir.2007) (internal citations and quotation marks omitted).

A court may also "consider materials in addition to the pleadings without converting the motion to one for summary judgment if the materials are public records or are otherwise appropriate for the taking of judicial notice." *See Scarso v. Cuyahoga Cty. Dep't of Human Service*, 1990 WL 169645, at * 2 (6th Cir. Nov. 2, 1990) ("In determining the legal efficacy of plaintiff's complaint, the lower court properly took judicial notice of facts in the public record, specifically the records of state court proceedings."); *see also Smith v. Maloon*, Civil Action 2:09-cv-00954., at *11 (S.D. Ohio Jul. 13, 2010); *U.S. v. Board of County Coms. of Hamilton Co., O.*, NO. 1:02-CV-00107, NO. 1:09-CV-00029., at *1 (S.D. Ohio Jan. 13, 2010)(taking judicial notice of a state court complaint in consideration of motion for judgment on the pleadings).

### III. Legal Analysis

#### A. FST's Disclosure was Sufficient Under §1692e(11)

Plaintiff's claims, under §1692e and §1692f, relate to the same set of facts. He claims that FST failed to include the magic words "debt collector" in the letter. As the cases below demonstrate, there is no need to use "magic words" and the disclosure of "THIS IS AN

4

ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE" was sufficient to disclose that the letter was from a debt collector.

15 U.S.C. § 1692e provides in relevant part as follows

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> * * *
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

In *Volden v. Innovative Fin. Sys.*, a debt collector sent an initial communication to a debtor, along with a follow-up letter that stated his payment options on a debt. *See Volden v. Innovative Financial Systems*, 440 F.3d 947, 950 (8th Cir. 2006). The letter included the following disclosure: "Federal law requires us to inform you that this is an attempt to collect a debt and any information obtained will be used for that purpose." *Id.* at 955. The Eighth Circuit Court of Appeals found that although "the letter does not say it is from a debt collector, the fact that it says it is sent in an attempt to collect a debt is sufficient for even the unsophisticated consumer to understand that such a letter is necessarily from a 'debt collector.'" *Id.* Other federal courts have followed suit. *Campbell v. Credit Prot. Ass'n, L.P.*, Case No. 4:12CV00289AGF, at *18 (E.D. Mo. Mar. 27, 2013) (same); *Holyfield v. Aldridge Pite, LLP (In re Holyfield)*, Case No. 16-67309-WLH, at *7 (Bankr. N.D. Ga. May. 23, 2017) (same); *Price-Richardson v. DCN Holdings, Inc.*, CIV. ACTION NO. MJG-17-2038, at *18 (D. Md. Feb. 14, 2018) (FDCPA was "intended to

protect consumers from deceptive practices, not to require needless disclosures.").

In another case directly on point, *Davis v. Hollins Law*, the Ninth Circuit Court of Appeals found

> that if a subsequent communication is sufficient to disclose to the least sophisticated debtor that the communication was from a debt collector, there is no violation of § 1692e(11) even if the debt collector did not expressly state, "this communication is from a debt collector."

*Davis v. Hollins Law*, 832 F.3d 962, 963 (9th Cir. 2016). In *Davis,* the court looked at the previous communications between the parties to determine whether the debt collector's identification of himself "was sufficient to disclose to a debtor with a basic level of understanding that the communication at issue was 'from a debt collector.'" *Id.* at 967. The court continued, stating "[i]ndeed, any other interpretation of [the communication at issue] would be 'bizarre and idiosyncratic." *Id.* at 967.

Similarly, in *Danehy v. Jaffe & Asher, LLP*, the court looked at a letter with a nearly identical disclosure as Exhibit A to the complaint here and found "[a]lthough defendant Allen did not state explicitly that he was a 'debt collector,' the language used was sufficient to 'disclose his status' as such to plaintiff. Accordingly, plaintiff's claim is legally insufficient." *Danehy v. Jaffe & Asher, LLP*, NO. 5:14-CV-60-FL, at *15 (E.D.N.C. Mar. 17, 2015); *see also Epps v. Etan Indus.*, Case No: 1:97-cv-08770 (N.D.Ill. Dec. 1, 1998).

Even the FTC has issued an informal staff letter rejecting Plaintiff's theory. To give that staff letter context, section 1692e(11) had recently been amended[3] and the FTC was

---

[3] The language of section §1692e(11), prior to the 1997 amendment, stated:

> Except as otherwise provided for communications to acquire location information under section 1692b of this title, the failure to disclose clearly in all communications made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

6

answering the question "would a debt collector be compliant with the new language in 15 U.S.C §1692e(11) if it continued to use the same disclosure language it used prior to the amendment?" The FTC's answer was yes.

That FTC staff letter states:

> Dear Mr. Gamache: I have your letter of April 22, 1997, to Mr. Donald Clark of this office, which he has referred to me for reply. You ask whether the requirements of Section 807(11) of the Fair Debt Collection Practices Act, as amended, would be satisfied if the disclosure previously required by that Section (before the amendment) is used in all communications with a consumer to collect a debt, i.e., "This is an attempt to collect a debt and any information obtained will be used for that purpose." Literal compliance with the current requirements of Section 807(11) would mandate a separate disclosure like "this communication is from a debt collector." However, insofar as Commission staff is concerned, we consider the previously required statement quoted above as sufficient to comply with the current requirements. In these circumstances, we regard anyone "attempting to collect a debt" as a debt collector is [*sic*] the generic sense and that anyone receiving a letter containing the above statement would make that connection. The doctrine of "substantial compliance" applies in this context. I hope this is responsive to your request.

*See Gamache, FTC Informal Staff Letter* (July 15, 1997) accessed via https://library.nclc.org/sites/default/files/FD04_Letters_1990-2002.pdf (copied text of letter attached hereto as Exhibit A).

Thus, "[i]n order to comport with the FDCPA, the notice does not have to quote verbatim the language of §1692e(11)." *Cavallaro v. Law Office of Shapiro Kreisman*, 933 F. Supp. 1148, 1156 (E.D.N.Y. 1996); *see also Emanuel v. American Credit Exchange*, 870 F.2d 805, 808 (2d Cir. 1989). Instead, the letter must pass the least sophisticated consumer standard. *See Davis, supra; see also Volden, supra* (applying unsophisticated consumer standard). And while this standard "protects naïve consumers" it also "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness

to read with care." *Federal v. Lamar*, 503 F.3d 504, 510 (6th Cir. 2007); *see also Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir.2000) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir.1996)); *Pettit v. Retrieval Masters Creditors Bureau*, 211 F.3d 1057, 1062 (7th Cir. 2000)(the "Act is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it.")

A debt collector is

> a person who use[s] . . .the mails in a business the principal purpose of which is the collection of debts, and . . .regularly use[s] the mails and/or telephones to collect, or attempt to collect,. . . consumer delinquent debts owed or due or asserted to be owed or due another.

*Complaint*, para 7; *see* definition of "debt collector" in 15 U.S.C. 1692a(6).

Thus, the context and express language of the letters demonstrate (1) FST regularly used the mail (as multiple letters were sent), (2) in its business (both letters were sent on business letterhead, with all the hallmarks of business, not personal, correspondence), (3) to attempt to collect consumer delinquent debt (this was the express purpose of the letters), (4) owed to another (Plaintiff alleges that he incurred the debt from Toledo Clinic). These facts show that the letter was from a "debt collector" even without using the magic phrase "debt collector". The letter was sent as "an attempt to collect a debt", and thus, was sent by a "debt collector".

Plaintiff is presumed to have "a basic level of understanding and willingness to read with care," and his attempted misinterpretation (or confusion) concerning the letters is nothing short of "bizarre or idiosyncratic." The letter did not conceal FST's status as a debt collector.

### B. Plaintiff Has No Support for His Interest Claims

8

Secondarily, Gaston claims that FST "violated 15 U.S.C. §§ 1692e(2), e(5), and e(10) though the inclusion of language mentioning interest and costs." *See Complaint,* ¶ 29. Gaston alleges that "upon charge-off, Toledo Clinic and its successors waived the right and ability to add interest and other charges[.]" *See id.* But these allegations cannot stand for three reasons: 1) the itemization of the charges in the letter are not only accurate, but are proper under the FDCPA; 2) even if the interest and costs was inaccurate (which is not being admitted), they could not be "material" misrepresentations; and 3) FST has not waived its right to collect prejudgment statutory interest.

### i. Itemization of Charges is Proper

Plaintiff's claim is essentially that, by sending him a letter stating that the accrued interest was ".00" and any other costs on the account were ".00," FST "unfairly suggested that it could collect additional amounts above and beyond the total balances of the subject consumer debts[.]" *See* ECF. Doc. # 1, Page ID # 6. This theory has been rejected by a number of courts.

In *Delgado v. Client Servs., Inc.*, the defendant had sent a letter that included an itemization of the charges that appeared as follows:

| | |
|---|---|
| Balance Due At Charge-Off: | 2,619.26 |
| Interest: | 0.00 |
| Other Charges: | 0.00 |
| Payments Made: | 20.00 |
| **Current Balance:** | **2,599.26** |

*See Delgado v. Client Servs., Inc.*, No. 17 C 4364, at *2 (N.D. Ill. Mar. 7, 2018). The *Delgado* Court found that this "itemization accounts for what is and is not included in a total balance. An itemization of zero shows that the balance due does not include interest

9

or other charges, rather than showing what is included in the balance[.]" *See id.* at *7-8 (N.D. Ill. Mar. 7, 2018). The Court continued, finding that "[u]ltimately, the Letter is clear." *See id.* at 8.

Additionally though, the Plaintiff in *Delgado* also alleged that "no interest was due to be assessed on the alleged debt, nor were any other charges." *See id*. The Court also found that this is "exactly what the Letter reflected." *See id*. Also important in the Court's findings is that "the FDCPA does not require [the Defendant] to note that an amount will not increase; 'there is no requirement that every statement in a debt collection notice include an extra assurance that the fact stated will not change in the future." *See id.* quoting *Dick v. Enhanced Recovery Co.*, 15-CV-2631 (RRM) (SMG), at *10 (E.D.N.Y. Sep. 28, 2016).

Likewise, in *Dick v. Enhanced Recovery Co.*, the court looked at a letter that stated the following:

Original Balance: $258.88
Interest Accrued: $0.00
Non-Interest Charges & Fees: $0.00
Payments: -$0.00

See *Dick v. Enhanced Recovery Co.*, 15-CV-2631 (RRM) (SMG), at *2 (E.D.N.Y. Sep. 28, 2016). The Court found that "[t]here is no reason to believe that an unsophisticated consumer would assume, contrary to the plain language of the notice, that the itemized list including non-interest charges and fees was anything but a breakdown of the debt owed." *See id*. at *10. Much like the allegations here, the letter in the *Dick* case

> states the debt as $258.88, an amount that is not alleged to be incorrect. It then provides a breakdown of the debt, stating that it does not include any non-interest charges and fees. Dick has not alleged that the $258.88 total is an incorrect representation of the debt owed.

*See id*. Instead, the Plaintiff only

> asserted that an unsophisticated consumer could *believe* that the non-interest charges and fees could increase in the future. However, this interpretation does not comport with the plain language of the Letter - it is precisely the kind of "bizarre or idiosyncratic" interpretation that a court must *not* adopt when considering debt collection language under the FDCPA.

*See id.* at *11-12.

Here, the Plaintiff reads into the letter something that is simply not there. While FST is still able to collect interest and other costs on this account, the itemization in the letter *only states* that the interest and costs were zero at the time the letter was sent. This is a completely accurate statement. Moreover, as shown above, courts are unwilling to read more into this statement, and have found that debt collectors in this exact situation have comported with the requirements of the FDCPA.

### ii. Statement of Interest is Not Material

Even if the statements regarding interest and costs were considered by the court to be false (which is not being admitted), the Sixth Circuit requires a false statement to be material. *See Miller v. Javitch, Block, Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009). Thus, false but immaterial statements are *not* actionable under §1692e. *See id.* This standard has also been adopted by numerous Circuits. *See Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009); *see also Donohue v. Quick Collect*, 592 F.3d 1027, 1032 (9th Cir. 2010).

In *Donohue v. Quick Collect*, the court found that the debt collector's "mislabeling $32.89 at 12% interest, when $32.89 included both interest and pre-assignment finance charges, is not materially false." *See id.* at 1034. Likewise, in *Hahn v. Triumph Partnerships LLC*, where a debt collector provided an accurate "amount due" but improperly labeled the categories comprising the total, the court found that this was

immaterial. *See Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757 (7th Cir. 2009). What is notable here is that however immaterial the representations were in *Donohue* and *Hahn,* the Plaintiff here does not even allege that FST included anything false in its itemization of the charges. Instead, he simply claims that he "was misled as to his rights and obligations." *See* ECF. Doc. # 1, ¶ 17. But FST accurately stated the total amount due and properly labeled the amounts that fell into the categories comprising the total amount due. These representations could not have been "materially" false.

### iii. FST Can Still Seek Interest and Court Costs

But Plaintiff's assertions are also contrary to Ohio law. R.C. 1343.03(A) specifically provides:

> In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.

*See* R.C. §1343.03(A).

The court in *Royal Elec. Constr. Corp. v. Ohio State Univ.* rejected the claim that a party is unable to obtain prejudgment interest. In fact, the court found that such a claim effectively added "language to the statutes that clearly does not exist." *See Royal Elec. Constr. Corp. v. Ohio State Univ.*, 73 Ohio St. 3d 110, 115 (Ohio 1995). Instead, the statute requires a court "to determine *when* interest commences to run, *i.e.*, when the claim becomes 'due and payable,' and to determine *what* legal rate of interest should be applied." *Royal Elec. Constr. Corp. v. Ohio State Univ.*, 73 Ohio St. 3d 110, 115 (Ohio

1995) (emphasis in original). The *Royal Elec.* Court also upheld this understanding of 1343.04(A) on the basis that "prejudgment interest does not punish the party responsible for the underlying damages as suggested by appellees, but, rather, it acts as compensation and serves ultimately to make the aggrieved party whole.

Notably here, FST is not seeking prejudgment interest but this does not mean that FST is *unable* to collect prejudgment interest. Thus, the inclusion of a column in the letter showing the interest accrued as ".00" is proper, even where no interest was being sought. In *Eckert v. LVNV Funding, LLC*, the court dismissed the complaint where it failed "to assert that Defendant even sought prejudgment interest on the credit card account in the state court action." *See Eckert v. LVNV Funding LLC*, 647 F. Supp. 2d 1096, 1104 (E.D. Mo. 2009). Likewise, in *Stratton v. Portfolio recovery Assocs.,* the court found that the defendant's request for statutory prejudgment interest from the date the account was charged off was not improper. *See Stratton v. Portfolio Recovery Assocs., LLC*, Civil Action No. 5: 13-147-DCR, at *7 (E.D. Ky. Nov. 26, 2013).

Here, Gaston's claims *are premised* on the fact that FST did not request interest. But under the FDCPA and in accordance with Ohio state law, FST is entitled to interest "when the money becomes due and payable." *See* R.C. §1343.03(A). Likewise, although FST had not included any court costs in the "other" column of its letter, it is entitled to court costs as a matter of course under Civil Rule 54(D). *See* Ohio Rule of Civil Procedure, 54(D) ("Costs. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs.").

To be sure, it is common practice for a creditor to obtain interest in Ohio in cases involving medical accounts. By way of example (and through use of judicial notice), this

court can review a small sampling of cases involving Toledo Clinic (the creditor in this case), where it provided a nearly identical itemization as it did in this case, except that the "interest" column shows a balance. *See* Toledo Municipal Complaint and Judgments attached hereto as Exhibit B. Additionally, the judgment in these cases show that Toledo Clinic was not only awarded prejudgment interest, it was also awarded "costs." And this makes sense because at the time these itemized statements are produced, Toledo Clinic likely does not have any court costs, as it has yet to file suit. In accordance with Ohio statutory law, FST is able to collect prejudgment interest and costs on behalf of its client.

## IV. Conclusion

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors". 15 U.S.C. 1692(e). There is nothing "abusive", unfair, or confusing about the letters in this case. Plaintiff has not alleged a violation of 15 U.S.C. § 1692e or 1692f. FST respectfully requests that this Court grant it judgment on the pleadings, as a matter of law, as to all claims in the Complaint.

Respectfully submitted,

/s/ Zachary P. Elliott
Boyd W. Gentry (0071057)
Zachary P. Elliott (0090057)
Law Office of Boyd W. Gentry, LLC
4031 Colonel Glenn Highway, First Floor
Beavercreek, OH 45431
Tel. (937) 839-2881
Fax (800) 839-5843
bgentry@boydgentrylaw.com
zelliott@boydgentrylaw.com
*Counsel for Finance System of Toledo, Inc.*

James S. Nowak (0012890)
4808 N. Summit St.
Toledo, Ohio 43611
Phone: (419) 726-2605

Fax: (419) 726-1549
*Attorney for Finance System of Toledo, Inc.*

## **Certificate of Service**

  I hereby certify that a true and accurate copy of the foregoing Motion for Judgment on the Pleadings has been served by the Court's CM/ECF service to all counsel of record on March 15, 2019.

            /s/ Zachary P. Elliott
            Zachary P. Elliott (0090057)