UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robie Gaston,                                             Case No. 3:18-cv-2652

        Plaintiff

   v.                                                     MEMORANDUM OPINION

Finance System of Toledo, Inc.,

        Defendant

## I.    INTRODUCTION

Defendant Finance System of Toledo, Inc. moved for judgment on the pleadings of Plaintiff Robie Gaston's claims under the Fair Debt Collection Practices Act ("FDCPA"). (Doc. No. 15). Plaintiff filed a memorandum in opposition to the motion, (Doc. No. 17), as well as a motion to amend the complaint, (Doc. No. 16). Defendant then filed a memorandum in opposition to the motion to amend, (Doc. No. 18), and Plaintiff replied, (Doc. No. 19).

## II.    BACKGROUND

On January 15, 2018, Defendant sent Plaintiff a letter ("Letter") attempting to collect two debts, which Plaintiff incurred after falling behind on payments to Toledo Clinic for healthcare services. (Doc. No. 1 at 2-3; Doc. No. 16-1 at 2-3). This was not the first communication Defendant had with Plaintiff in connection to these debts. (Doc. No. 16-1 at 3). In the Letter, Defendant stated, "THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."[1] (Doc. No. 1 at 3; Doc. No. 16-1 at 5). The Letter also contained the following itemization of the total debt owed:

---

[1] Defendant sent Plaintiff another letter in relation to a third debt on April 5, 2018, which also contained this language. (Doc. No. 1 at 3; Doc. No. 16-1 at 5). But Plaintiff's claims appear to stem from the January 15, 2018 letter alone.

```
Client Name      Client Ref No       Principal    Interest    Other      Total
EPNO INC TOLEDO  2803400                  .00         .00       .00        .00
DATE OF SERVICE  12/25/12
ALLSTAR DISPOSA                           .00         .00       .00        .00
DATE OF SERVICE  11/11/14
TOLEDO CLINIC I  27962730001           734.16         .00       .00     734.16
DATE OF SERVICE  01/16/14
TOLEDO CLINIC I  28093870001              .00         .00       .00        .00
DATE OF SERVICE  01/14/15
TOLEDO CLINIC I  200095786 16019        41.14         .00       .00      41.14
DATE OF SERVICE  12/28/16
                                                                        775.30
```

(Doc. No. 1 at 3; Doc. No. 16-1 at 3).

### III.   STANDARD

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). Likewise, because leave to amend is challenged on grounds of futility, the proposed amendment must be considered under the Rule 12(b)(6) standard, as well. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). While "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend should be denied as futile if the proposed amendment would not "withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 421.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555. Ultimately, judgment on the pleadings is granted only where there is no material issue of fact involved and the moving party is entitled to judgment as a matter of law. *Paskavan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991).

### IV.   DISCUSSION

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To

2

determine whether language used by a debt collector violates the FDCPA, a court applies the least-sophisticated consumer test. *See, e.g.*, *Harvey v. Great Seneca Fin'l Corp.*, 453 F.3d 324, 331-33 (6th Cir. 2006). That is, the court must ask objectively "whether there is a reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 172 (6th Cir. 2011). "Although this standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 509-10 (6th Cir. 2007) (citations and internal brackets and quotations omitted).

Plaintiff claims the Letter violated the FDCPA in two manners. First, Plaintiff alleges Defendant failed to use the statutorily-proscribed language to identify itself as a debt collector. Second, Plaintiff asserts Defendant made a misrepresentation by including columns for "interest" and "other" with zero-balances was misleading since Defendant knew it could not charge "interest" or "other" charges.

**A.  DISCLOSURE AS "DEBT COLLECTOR"**

Under the FDCPA, the debt collector is required to disclose in the initial communication "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11). In subsequent communications, the debt collector must disclose "that the communication is from a debt collector." *Id.*

The Letter states, "THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." (Doc. No. 1 at 3; Doc. No. 16-1 at 5). Plaintiff urges me to conclude Defendant's use of this disclosure, statutorily-required in the initial communication, violates the FDCPA since the Letter was a subsequent

3

communication. But not even the single case cited by Plaintiff supports this argument. *See Wright v. Ocwen Loan Servicing, LLC*, No. 12-14446, 2013 WL 5500067 (E.D. Mich. Oct. 3, 2013).

In *Wright*, the debt collector disclosed in the initial communication, "This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose." *Id.* at *1. The debt collector did not provide the same disclosure in subsequent communications or state the communication was from a "debt collector." *Id.* at *6 - *7. Instead, the debt collector identified itself by name alone. *Id.* Thus, the *Wright* court found that the debt collector had failed to properly disclose its status as a debt collector in *all communications* as required by the FDCPA. *Id.* at *6 (citing *Frey v. Gangwish*, 970 F.2d 1516, 1520 (6th Cir. 1992)).

As quoted by Plaintiff, the disclosure requirement of § 1692e(11), "serves the purpose of the statute by providing the necessary information in the event the that the first communication is not received by the consumer." (Doc. No. 19 at 5 (quoting *Wright*, 2013 WL 5500067, at *6 (citing *Frey*, 970 F.2d at 1520))). Thus, Plaintiff's argument that Defendant "created confusion," (Doc. No. 16-1 at 8), by including the more descriptive language of the initial disclosure rather than the "magic words,"[2] "debt collector," is a "nonsensical assertion[ ] of being led astray." *Lamar*, 503 F.3d at 514; *see, e.g.*, *Volden v. Innovative Fin'l Sys., Inc.*, 440 F.3d 947, 955 (8th Cir. 2006) ("Though the letter does not say it is from a debt collector, the fact it says it is sent in an attempt to collect a debt is sufficient for even the unsophisticated consumer to understand that such a letter is necessarily from a 'debt collector.'"). Therefore, Defendant is granted judgment as a matter of law on Plaintiff's claims related to this unwarranted allegation of wrongdoing.[3]

---

[2] Plaintiff provides no authority to support an argument that the exact words "debt collector" must be used to comply with the FDCPA. In fact, one of my trial-court colleagues has concluded, "[a] debt collector does not need to make a statement based on the exact language of § 1692e(11) during the initial or first contact with a debtor. Instead, the debt collector need only provide a statement that is unlikely to confuse even the least sophisticated consumer that the call is in reference to outstanding accounts." *Freeman v. Simm Assoc., Inc.*, No. 2:12-cv-10065, 2012 WL 12884665, at *5 (E.D. Mich. Oct. 15, 2012) (internal quotation and citations omitted).

[3] In the original complaint, Plaintiff does not allege the Letter was a subsequent communication. This allegation is made only in the proposed amended complaint. (*Compare* Doc. No. 1 *with* Doc.

4

**B.     ".00" IN "INTEREST" AND "OTHER"**

Plaintiff claims that, even though the columns contained ".00" balances, the reference to "interest" and "other" in the Letter "misleadingly suggests to consumers the false possibility that Defendant could, and intended to, collect an amount that would be above and beyond that which was outlined as the total due on the collection correspondence." (Doc. No. 16-1 at 7). While Plaintiff claims to be "falsely led to believe that Defendant had the lawful ability to collect interest and other costs" in the original complaint, Plaintiff does not state the same in the proposed amended complaint. (*Compare* Doc. No. 1 at 3 *with* Doc. No. 16-1). This omission is material.

If Plaintiff did not suffer an "injury in fact," he lacks Article III standing to assert this claim. *Hagy v. Demers & Adams*, 882 F.3d 616, 621-24 (6th Cir. 2018) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)). That is, it is not sufficient to claim only that Defendant violated the FDCPA by making a statement that "suggests to the unsophisticated consumer that such interest and 'other' costs may be added to the subject debt(s) in the future." (Doc. No. 16-1 at 3); *see Hagy*, 882 F.3d at 622-23 ("[S]tanding is not met simply because a statute creates a legal obligation, as in § 1692e(11), and allows a private right of action for failing to fulfil this obligation, as in § 1692k(a).") (quotations omitted). Instead, to satisfy the "particularized" injury requirement for standing, the allegedly misleading statement must have affected Plaintiff "in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548 (quotation omitted) (citing cases).

Because granting the motion for leave to amend the complaint would result in a lack of standing to bring this claim, which I will assume was inadvertent, the motion is denied.

Assuming Plaintiff has standing to bring this claim and all allegations of the original complaint are true, I conclude the inclusion of interest and "other" columns could mislead the least-sophisticated consumer.

---

No. 16-1). As it stands, the clarification is immaterial since the Defendant properly disclosed its identity in the Letter. Therefore, the amendment, while material, would be futile because the claim fails as a matter of law.

5

Defendant argues that itemization of interest and "other" costs with zero-balances was required, citing two out-of-circuit district court cases. (Doc. No. 15 at 9-11 (citing *Delgado v. Client Services, Inc.*, No. 17 C 4364, 2018 WL 1193741 (N.D. Ill. Mar. 7, 2018) & *Dick v. Enhanced Recovery Co., LLC*, No. 15-CV-2631, 2016 WL 5678556 (E.D.N.Y. Sept. 28, 2016))). But, as stated by Plaintiff, numerous other out-of-circuit district courts have concluded the inclusion of interest or other cost lines with zero-balances could be misleading. *See, e.g., Duarte v. Client Servs.*, No. 2019 WL 1425734 (N.D. Ill. Mar. 29, 2019); *Wood v. Allied Interstate, LLC*, No. 17 C 4921, 2018 WL 2967061 (N.D. Ill. June 13, 2018) ("respectfully parting company with *Delgado*"); *Tylke v. Diversified Adjustment Serv., Inc.*, No. 14-CV-748, 2014 WL 5465173 (E.D. Wisc. Oct. 28, 2014). The Sixth Circuit has not considered this particular issue. Thus, considering the non-binding divergent precedent and drawing all reasonable inferences in Plaintiff's favor, I conclude it is plausible the itemization could mislead the least sophisticated consumer.

Because the same applies to the fact-sensitive inquiry of whether the representations were material, I also reject Defendant's second argument of immateriality at this stage in the litigation.

Finally, Defendant apparently argues the inclusion of these columns was proper, stating it can still seek interest and court costs under Ohio law. This argument not only belies its initial argument that the least-sophisticated consumer would not be mislead to believe additional charges could accrue, but is also possibly problematic depending on the contents of the Letter, which has yet to be provided in full. As the Sixth Circuit has stated in dicta, silence as to "potential future interest and charges" could "expose[ ] debt collectors to liability under the FDCPA." *Walker v. Shermeta, Adams, Von Allmen, PC*, 623 F. App'x 764, 767 (6th Cir. 2015). Thus, if I am interpreting Defendant's seemingly contrary arguments regarding these potential charges correctly, Defendant could be exposed to liability if the possibility of additional charges was not properly disclosed in the Letter. At this time, I will simply reject this final undeveloped argument and deny judgment as a matter of law as to this claim.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend the complaint is denied. (Doc. No. 16).  Defendant's motion for judgment on the pleadings is granted, in part, and denied, in part.  (Doc. No. 15).  Only Plaintiff's claims stemming from the "interest" and "other" columns survive this ruling.  By June 24, 2019, the parties shall file a joint status report charting a path forward for the court's consideration.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge