**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Robie Gaston, | : | Case No: 3:18-cv-02652-JJH |
| | : | |
| Plaintiff, | : | |
| | : | Judge: Jeffrey J. Helmick |
| v. | : | |
| | : | |
| Finance System of Toledo, Inc., | : | Defendant Finance System of Toledo, Inc.'s Reply in Support of Motion for Summary Judgment |
| | : | |
| Defendant. | : | |
| | : | |

    Now comes Defendant Finance System of Toledo, Inc. ("FST") and provides the following for its reply in support of its motion for summary judgment. This Court should grant FST's motion for summary judgment.

    **A. Standing**

    Plaintiff clearly has no standing. He has no evidence to show injury, since he admits that he only filed this case to turn the letter into money. *See Gaston Depo.,* p. 33, lines 1-10. Plaintiff argues that he has a "concrete interest to be free from deceptive information…" *See* ECF Doc. # 27, Page ID # 384. But this does not mean that he suffered an injury. As addressed by the Sixth Circuit in *Lyshe v. Levy,* a plaintiff must have more than alleged violations of law. With no concrete injury, there is no standing. *Lyshe v. Levy*, 854 F.3d 855, 859 (6th Cir. 2017).

    Here, Plaintiff comes armed only with FST's alleged procedural violation of the FDCPA: i.e., FST allegedly provided him with "deceptive information." Yet, Plaintiff freely admits that he has no damages and has not been harmed as a result of receiving the letters at issue. *Gaston Depo.,* p. 58, lines 13-24 and p. 59, lines 1-9.

1

Plaintiff relies on *Buchholz v. Tanick*, No. 1:18-CV-607, at *1 (W.D. Mich. Sep. 27, 2018), but it supports FST's position: Plaintiff has no injury and no standing. In *Buchholz,* the plaintiff received two letter from a debt collector with alleged "misrepresentations." *Id.* at *2. The plaintiff in *Buchholz* articulated that "[he] felt an undue sense of anxiety that he would be subjected to legal action if prompt payment was not made" *Id.* at *2. Even with a "sense of anxiety," the Buchholz court dismissed the case due to a lack of standing because:

- "Plaintiff fails to state how his sense of anxiety was anything other than the anxiety he would feel in facing debt collection"; and

- Plaintiff failed to plead "a concrete injury that is fairly traceable to Defendant and has not alleged how Defendant engaged in any *unlawful* behavior."

*Id.* at pp.3-4 (emphasis in original).

Here, Plaintiff freely admits his lack of damages, noting that his only motivation is to turn the letter into money. *See Gaston Depo.,* p. 33, lines 1-10. Plaintiff does not allege that the amount stated on the letter was inaccurate. Instead, he looks to the vague allegation that the itemizations showing ".00" might somehow mean something other than zero. But the letter at issue was an accurate portrayal of the account at the time it was sent. "[Z]ero means zero." *See* Depo. of Nancy Quiroga, p. 59, line 19.

**B. FST's Intent is Irrelevant – the Letter was Accurate.**

Next, Plaintiff FST's supposed lack of intent to add interest or other charges to the "account balance." First, this is a red-herring as a FST's "intent" does not matter. Second, Plaintiff's memorandum tellingly fails to include quotations from FST's deposition testimony. Here is the full testimony regarding FST's "intent."

**Plaintiff's Counsel, Mr. Volheim:** Okay. And how much interest was added at the time the letter was sent?

**FST Representative Nancy Quiroga:** Zero.

**Mr. Volheim:** And how much under the category of Other was Finance System of Toledo seeking to collect?

**Nancy Quiroga:** As a snapshot of this letter?

**Mr. Volheim:** Correct.

**Nancy Quiroga:** 734.16 on that account.

**Mr. Volheim:** Okay. From January 15th, 2018, to the current, has any additional amount been added to the value of $734.16?

**Nancy Quiroga:** No.

**Mr. Volheim:** At the time the January 15th, 2018 correspondence was sent, did Finance System of Toledo intend to add any interest with regards to this account?

**Nancy Quiroga:** This is a snapshot at that time, so no.

**Mr. Volheim:** Did Finance System of Toledo, at the time this letter was sent, intent to add any other charges when the correspondence was sent?

**Nancy Quiroga:** Again, it's a snapshot at this time of zero.

*See Depo. of Nancy Quiroga*, p. 57, lines 4-24.

The letter was a "snapshot" of the account, nothing more. The letter did not predict the future. It was not a crystal ball. But "at the time the letter was sent" the letter said what it intended to say. The letter did not intend to say something else.  At the time the letter was sent, there was no missed intention to include a positive value for "interest" or

3

"other" charges because *neither of those types of charges had yet been accrued on the account.*

Plaintiff's attempt to twist Ms. Quiroga's words to fit his allegations is disingenuous. It encourages this Court to believe that two things cannot be true at once. Here, the following statements are both true and accurate at the same time:

1. At "the time the letter was sent", the "interest" and "other" charges were static numbers because they represented a "snapshot" of the accounts. *See* Depo. of Nancy Quiroga, p. 59, lines 4-24.

2. If and when the Account is reduced to a judgment (or if Plaintiff were to send a bad check as payment), there could be interest or "other" amounts to add into the letter.

The undisputed evidence shows that The Toledo Clinic has placed accounts with FST for servicing after the debtors' liability on those accounts has been reduced to judgment. *Quiroga Affidavit*, ¶ 7 (ECF Doc. # 26-2). On those occasions, the judgments often include interest and court costs. *Id.*, at ¶ 8. Thus, if Plaintiff's accounts are reduced to judgment, FST's written correspondence to him could itemize the awarded interest in the "Interest" itemization field and any awarded court costs in the "Other" itemization. *Id.*, at ¶ 9. Finally, FST may populate the "Other" field with any amount authorized by law concerning a dishonored check. *Id.*, at ¶ 10.

Despite this obvious understanding of the letter, Plaintiff argues that there are "two reasonable interpretations of the itemization" by citing cases that do not apply. First, Plaintiff looks to *Tylke v. Diversified Adjustment Service, Inc.*, which was being reviewed under a motion to dismiss standard, and thus, no evidence beyond the pleadings was included in this review. *Tylke v. Diversified Adjustment Serv., Inc.*, No. 14-CV-748, at *1

4

(E.D. Wis. Oct. 28, 2014). Here, this Court has the benefit of evidence showing that the letter was an accurate "snapshot" and the accounts could incur "interest" or "other" amounts in the future.

Likewise, Plaintiff looks to *Wood v. Allied Interstate, LLC*, where the court found that

> the letter reasonably could be read to imply that such charges would begin to accrue if Wood did not pay the debt. Why, after all, would Allied include a column for fees and collection charges, and insert a dollar figure ($0.00), if not to suggest that that such fees and costs might possibly accrue in the future?

*Wood v. Allied Interstate, LLC*, 17 C 4921, at *5 (N.D. Ill. June 13, 2018). But the *Wood* court specifically made this finding in light of Seventh Circuit precedent that a "dunning letter is false and misleading if it impl[ies] that certain outcomes *might* befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Id. (emphasis added)* citing *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 367 (7th Cir. 2018) (emphasis in original). This is the same for the other cases cited by Plaintiff. *See Lemke v. Escallate, LLC,* 374 F. Supp. 3d 727, 731-732 (N.D. Ill. Mar. 19, 2019) ("A straightforward way for it to proceed is by eliminating the zero-interest balance line from collection letters for accounts, like this one, on which no interest may possibly accumulate."); *see also Duarte v. Client Servs.*, No. 18 C 1227, at *6 (N.D. Ill. Mar. 29, 2019) (emphasis added); *Driver v. LJ Ross Assocs., Inc.*, No. 3:18-cv-00220-MPB-RLY, at *5 (S.D. Ind. Aug. 28, 2019) ("Driver plausibly alleges that LJ Ross was not permitted to charge him interest and other charges.")(emphasis added).

Here, interest and "other" amounts are not foreclosed on Plaintiff's accounts. This is what distinguishes this case from *Wood, Duarte, and Driver, supra. See Affidavit of Nancy Quiroga,* ¶¶ 8-10. Plaintiff has no evidence to the contrary. There is no dispute on

5

this point, and this pillar of Plaintiff's case (that interest and other amounts were forever barred) turned out to be false. The letter was true, accurate, and not misleading.

### C. Materiality

Finally, the alleged violation was not "material." Plaintiff complains that the terms "interest" and "other" charges were material because they "would alter a consumer's decision-making process by encouraging Plaintiff to pay the debt immediately." *See* ECF Doc. # 27, Page ID # 394. But this is not the standard that was used in the case cited by Plaintiff. *See Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (statement regarding attorney's fees (which were never recoverable) was material because it was misleading and would change the consumer's decision-making process).

To "mislead" is defined "to lead in a wrong direction or into a mistaken action or belief often by deliberate deceit." *See* https://www.merriam-webster.com/dictionary/mislead, accessed Feb. 12, 2020. Thus, if Plaintiff had the true understanding that although no "interest" or "other" charges had been applied to the account at the time of the Jan. 15, 2018 letter, but that "interest" or "other" charges could be added by way of statutory interest, court costs, or fees on dishonored checks, he was not misled.

### D. Conclusion

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors". 15 U.S.C. § 1692(e). There is simply nothing "abusive", unfair, misleading, or confusing about the FST letter. The letter was truthful, accurate, and not misleading. FST respectfully requests that this Court grant it summary judgment as to all remaining claims.

Respectfully submitted,

/s/Zachary P. Elliott
Boyd W. Gentry (0071057)
Zachary P. Elliott (0090057)
Law Office of Boyd W. Gentry, LLC
4031 Colonel Glenn Highway, First Floor
Beavercreek, OH 45431
Tel. (937) 839-2881
Fax (800) 839-5843
bgentry@boydgentrylaw.com
zelliott@boydgentrylaw.com
*Counsel for Finance System of Toledo, Inc.*

James S. Nowak (0012890)
4808 N. Summit St.
Toledo, Ohio 43611
Phone: (419) 726-2605
Fax: (419) 726-1549
*Counsel for Finance System of Toledo, Inc.*

## Certificate of Service

I hereby certify that a true and accurate copy of the foregoing Defendant Finance System of Toledo, Inc.'s Reply in Support of Motion for Summary Judgment has been served by the Court's CM/ECF service to all counsel of record on February 14, 2020.

/s/Zachary P. Elliott
Zachary P. Elliott (0090057)