UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robie Gaston,  Case No. 3:18-cv-2652

    Plaintiff,

v.  MEMORANDUM OPINION
AND ORDER

Finance System of Toledo, Inc.,

    Defendant.

## I. INTRODUCTION AND BACKGROUND

Plaintiff Robie Gaston's complaint stems from a letter sent by Defendant Finance System of Toledo, Inc., ("FST") on January 15, 2018. FST sent the letter on behalf of The Toledo Clinic in an attempt to collect two debts Gaston incurred after falling behind on payments to The Toledo Clinic for healthcare services. Gaston filed suit on November 15, 2018, alleging FST violated the Fair Debt Collection Practices Act ("FDCPA") when it sent the January 15, 2018 letter, and again when it sent another letter on April 5, 2018.

On May 22, 2019, I granted in part and denied in part FST's motion for judgment on the pleadings and I denied Gaston's motion to amend the complaint. (Doc. No. 20). Specifically, I granted judgment in FST's favor on Gaston's claim that FST violated the disclosure requirements of the FDCPA in its January 15, 2018 and April 5, 2018 letters. *See* 15 U.S.C. § 1692e(11). I denied FST's motion with regard to Gaston's claim that FST violated the FDCPA by including columns for "interest" and "other" with zero balances even though FST knew it could not charge "interest" or "other" charges.

Before me today is FST's motion for summary judgment on Gaston's claim that FST violated the FDCPA through the inclusion of these columns for "interest" and "other" charges in its January 15, 2018 letter to Gaston. (Doc. No. 26). Gaston filed a response in opposition, (Doc. No. 27), and FST replied. (Doc. No. 28).

The January 15, 2018 letter, contained the following itemization of the total debt owed:

| Client Name | Client Ref No | Principal | Interest | Other | Total |
|---|---|---|---|---|---|
| EPNO INC TOLEDO | 2803400 | .00 | .00 | .00 | .00 |
| DATE OF SERVICE 12/25/12 | | | | | |
| ALLSTAR DISPOSA | | .00 | .00 | .00 | .00 |
| DATE OF SERVICE 11/11/14 | | | | | |
| TOLEDO CLINIC I | 27962730001 | 734.16 | .00 | .00 | 734.16 |
| DATE OF SERVICE 01/16/14 | | | | | |
| TOLEDO CLINIC I | 28093870001 | .00 | .00 | .00 | .00 |
| DATE OF SERVICE 01/14/15 | | | | | |
| TOLEDO CLINIC I | 200095786 16019 | 41.14 | .00 | .00 | 41.14 |
| DATE OF SERVICE 12/28/16 | | | | | |
| | | | | | 775.30 |

(Doc. No. 26 at 3).[1] In his complaint, Gaston alleged that the letter violated the FDCPA because it misleadingly suggested that FST could collect an amount above and beyond that outlined as the total due in the letter. (Doc. No. 1 at 5). Gaston further alleged that it was a legal impossibility for FST to add interest and that FST included this language to instill a false sense of urgency and make him feel compelled to make payment. (*Id.*).

## II. DISCUSSION

### A. Standing

Because it involves this Court's subject matter jurisdiction, I must first deal with FST's contention that Gaston lacks standing because the itemization did not cause Gaston to suffer any injury.

---

[1] Because Gaston did not allege that the April 5, 2018 letter contained the same kind of itemization, his claims at issue in this order rely solely on the January 15, 2018 letter.

"Article III of the Constitution limits the judicial power of the United States to the resolution of 'Cases' and 'Controversies,' and 'Article III standing … enforces the Constitution's case-or-controversy requirement.'" *Macy v. GC Servs. Ltd. P'ship*, 897 F.3d 747, 752 (6th Cir. 2018) (further citation omitted). "[T]he irreducible constitutional minimum of standing contains three elements." *Macy*, 897 F.3d at 752 (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992)). "First, the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* It is the injury-in-fact requirement that is at issue here.

"Each element of standing 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" *Macy*, 897 F.3d at 752 (quoting *Fair Elections Ohio v. Husted*, 770 F.3d 456, 459 (6th Cir. 2014)) (further citation omitted). At the summary judgment stage, the party invoking federal jurisdiction "can no longer rest on … 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts.' *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 411-12 (2013) (quoting *Lujan*, 504 U.S. at 561).

FST contends Gaston lacks standing because he did not suffer any injury. FST points to Gaston's deposition testimony, where he testified that he did not lose any money as a result of the letters and answered no when asked if either the January 15, 2018 or April 5, 2018 letters harmed him. (Doc. No. 26 at 7; Doc. No. 25-2 at 57, 59). Gaston argues that even if he does not have "actual damages," he has suffered harm because FST's procedural violations of the FDCPA harmed Gaston's concrete interests.

In *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016) the Supreme Court held that a plaintiff does not "'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right' because 'Article

3

III standing requires a concrete injury even in the context of a statutory violation.'" *Macy v. GC Servs. Ltd. P'Ship*, 897 F.3d 747, 753 (6th Cir. 2018) (quoting *Spokeo* 136 S.Ct. at 1549). Instead, "to establish injury in fact, a plaintiff must allege that the procedural statutory violation caused the plaintiff to suffer some harm that 'actually exist[s]'; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Id.* But the *Macy* Court, quoting *Spokeo*, further explained that "a 'violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact,' and 'in such a case [a plaintiff] need not allege any *additional harm* beyond the one Congress has identified.'" *Id.*

In *Macy*, the Sixth Circuit adopted a test from the Second Circuit to determine under what circumstances the violation of a right granted by statute can constitute an injury in fact. *Macy*, 897 F.3d at 756. There, faced with class-action claims brought under the FDCPA against a defendant who sent letters to debtors that failed to inform those debtors that they must dispute their debts in writing in order to enjoy certain procedural protections under the FDCPA, the Sixth Circuit stated:

> *Spokeo* categorized statutory violations as falling into two broad categories: (1) where the violation of a procedural right granted by statute is sufficient in and of itself to constitute concrete injury in fact because Congress conferred the procedural right to protect a plaintiff's concrete interests and the procedural violation presents a material risk of real harm to that concrete interest; and (2) where there is a "bare" procedural violation that does not meet this standard, in which case a plaintiff must allege "additional harm beyond the one Congress has identified."

*Macy*, 897 F.3d at 756. Thus, the issue is which category the violations that Gaston alleges in the present case belong to. An even more recent Sixth Circuit case helps answer that question.

In *Buchholz v. Meyer Njus Tanick, P.A.*, 946 F.3d 855, 868 (6th Cir. 2020), the Sixth Circuit held that a plaintiff bringing a claim under the FDCPA lacked standing where the appellant alleged the appellee violated the act by misrepresenting that an attorney had reviewed the appellant's debt. The Court explained that unlike the plaintiff in *Macy*, the appellant had not alleged that the debt collector's misrepresentation could have caused him to waive some of his procedural rights under

4

the FDCPA. *Buchholz*, 946 F.3d at 870. In doing so, the Court made clear that it is not enough for a plaintiff to show that Congress passed the FDCPA to prevent debt collectors from engaging in abusive debt-collection practices. *Id.* Instead, a plaintiff would have to identify a more specific concrete interest to establish standing under the framework adopted in *Macy*. *Id.*

Here, Gaston's complaint alleges the inclusion of the columns mentioning interest and costs violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f. 15 U.S.C. § 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The subsections of Section 1692e that Gaston cites list examples of conduct that violates 1692e.² 15 U.S.C. § 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."

I agree with Gaston that each of these provisions reflects an effort by Congress to prevent debt collectors from engaging in abusive debt-collection practices. But as *Buchholz* demonstrates, Gaston must show more. Specifically, Gaston must allege some harm or risk of harm to the particular concrete interest Congress sought to protect with these provisions. On this point, Gaston contends that he was harmed because the itemization deceived him into believing the debts were subject to increase. But he does not identify any harm that flowed from this deception. He does not identify any actions he took to address the debts that he would not have in the absence of receiving the itemization. And like the plaintiff in *Buchholz*, "[h]e does not allege, for example, that the statute of limitations has expired, that res judicata precludes [FST] from collecting the debts, or even that [FST] miscalculated the amounts he allegedly owes." *Buchholz*, 946 F.3d at 870.

---

² 15 U.S.C. § 1692e(2) prohibits "The false representation of – (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. 15 U.S.C. § 1692e(5) prohibits "The threat to take any action that cannot legally be taken or that is not intended to be taken." And 15 U.S.C. § 1692e(10) prohibits "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

Gaston advances two other theories to show he suffered a risk of harm, but each of them falls short.

First, Gaston claims the letter created a risk of harm because Ohio imposes a six-year statute of limitations and the itemization could compel consumers to make prompt payment and restart the statute. But Gaston does not allege that he made such a payment, and the statute of limitations period had over a year remaining at the time the letter was sent.

Second, Gaston claims the letter posed a risk of harm to his ability to intelligently prioritize how to handle his obligations. But again, he does not identify any way in which his prioritization of obligations was actually affected. And although *Macy* recognized that a risk of harm can be sufficient in some circumstances, *Buchholz* demonstrates that there are limits to how far the risk of harm concept can be stretched. If a risk of harm to a debtor's ability to prioritize how to handle their obligations was sufficient, then the debtor in *Buchholz* would have had standing as well, because the alleged violation—misrepresenting that an attorney had reviewed the debtor's debt—would have also instilled a sense of urgency that risked prompting the debtor to make payment.

*Buchholz* also examined whether the plaintiff had alleged a harm that the common law recognizes. *See Buchholz*, 946 F.3d at 868 ("Although Congress's judgment may be informative, *Spokeo* explains, it is not determinative. That brings us to the second factor, the common law. An intangible harm that is analogous to a harm recognized at common law signals the harm is cognizable."). But because Gaston does not identify any common law analog to the claims he brings here, I find this factor also counsels against finding he has satisfied the injury-in-fact requirement.

Because Gaston "has not shown that he suffered any harm that Congress intended to prevent or that is analogous to a harm that the common law recognizes, he cannot prevail on the theory that [FST's] procedural violation, by itself, is an injury in fact." *Buchholz*, 946 F.3d at 870. Gaston's failure to establish an injury-in-fact precludes me from finding standing, which means this

6

court lacks the subject matter jurisdiction necessary to rule on the merits of his claim that the itemization of the debt in the January 15, 2018 letter violated the FDCPA.

### III. CONCLUSION

FST's motion for summary judgment is granted.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge

7